IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02604-WDM-BNB

JOHN A. HALL,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

## ORDER ON MOTION TO TRANSFER

Miller, J.

This matter is before me on Defendant Union Pacific Railroad Company's (Union Pacific) motion to transfer this case to the District of Wyoming, filed January 23, 2006. For the reasons that follow, the motion will be denied.

### Background

Plaintiff John A. Hall (Hall) filed this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 *et seq.*, seeking recovery for injuries he sustained while employed by defendant Union Pacific Railroad Company. Hall worked for Union Pacific as a brakeman from 1976 to 2001, and as an engineer from 2001 to 2003. He claims that the cumulative effect of excessive vibration of the trains throughout his employment, and of one particularly rough ride in 2003, resulted in severe injury to his lower back.

### Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).  The party seeking transfer under § 1404(a) "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  "[U]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (*quoting William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)); *see also Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978) ("Plaintiff's choice is given considerable weight").  Furthermore, the Supreme Court has noted that a plaintiff's right under FELA to select the forum is a "substantial right." *Boyd v. Grand Trunk West. R.R. Co.*, 338 U.S. 263, 266 (1949).

Factors the court should consider in determining whether transfer is appropriate include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

In support of its motion, Union Pacific argues that Hall currently lives in Rawlins, Wyoming, and that he always worked for them between Rawlins and Green River, Wyoming.  And, Union Pacific claims that "[a]lmost all of the witnesses who have

knowledge of the facts . . . reside in Wyoming." (Def.'s Motion at 7)

However, I find that Union Pacific has failed to meet its burden of demonstrating that this forum is inconvenient. The party moving for transfer must provide more than mere conclusions regarding inconvenience to witnesses in order to satisfy its burden. *Texas Gulf*, 371 F.2d at 148. Union Pacific's claims about the number of witnesses, both party and non-party, are central to its arguments. Nonetheless, its briefs and single affidavit fail to provide me with an adequate basis to determine that these individuals will in fact provide useful testimony or that compulsory process will be required to ensure their presence. *See Scheidt*, 956 F. 2d at 966 (affirming denial of transfer because filings inadequately "indicate[d] the quality or materiality of the testimony," or that "the use of compulsory process [would] be necessary"). Consequently, Union Pacific has failed to "demonstrate the requisite inconvenience to [its] witnesses." *Scheidt*, 956 F. 2d at 966.

Furthermore, although some of the potential witnesses reside in Wyoming, not all of them do. *Cf. Sackett v. Denver & Rio Grande West. R. Co.*, 603 F. Supp. 260, 261 (D. Colo. 1985) (transferring case to District of Utah when all of the witnesses identified by the court resided near Salt Lake City, Utah). Here, at least six doctors who examined and treated Hall live in Colorado, including Dr. Pettine, Hall's primary medical witness, and three physicians from the Centennial Group in Denver — a facility referred to Hall by Union Pacific. In addition, Hall has identified a number of other potential witnesses who either live in Denver or outside of either Wyoming or Colorado.[1]

---

[1] A Dr. Rice apparently lives in California, and many of Union Pacific's employees live in Omaha, Nebraska.

I also take judicial notice of the fact that the distance between Denver, Colorado, the location of this Court, and Cheyenne, Wyoming, the location of the District Court for the District of Wyoming, and where many of Union Pacific's potential witnesses work and/or reside, is 100 miles.  *See United States v. Ochoa*, 4 F. Supp. 2d 1007, 100 (D. Kan 1998) (taking judicial notice of the fact that Boston and Providence, Rhode Island are 50 miles apart).  Given the relative proximity of the two courts, trying this case in Denver will not be excessively burdensome.  *Cf. Sackett*, 603 F. Supp. at 261 (transporting witnesses 500 miles from Denver to Salt Lake City, Utah, would create a "more than negligible" expense).

Ultimately, Union Pacific has not demonstrated that the factors listed in *Texas Gulf* strongly support transferring this case to Wyoming.  Accordingly, its motion to transfer, filed January 23, 2006, is denied.

DATED at Denver, Colorado, on April 19, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge